UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>VMWARE, INC., a Delaware Corporation<br><br>Defendant. | Case No. 5:15-cv-01414-HSG |

**PROPOSED STIPULATED PROTECTIVE ORDER**

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or any tangible thing that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter and who have been specifically identified and disclosed to the Producing Party pursuant to Section 7.4 below and whose current and reasonably foreseeable future job duties and

responsibilities do not include support for or employment with a competitor of the other Party. Each Party will identify its competitors on Exhibit B hereto for purposes of applying the foregoing definition.

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee of a Party or a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. Each Party will identify its competitors on Exhibit B hereto for purposes of applying the foregoing definition.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code, including modifications thereto or derivatives thereof, and associated comments and revision histories, formulas, engineering specifications, or schematics that define or

otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel:  attorneys who are employees of a Party to this action or otherwise identified attorneys, including Lauren Segal.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees or consultants of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.  The current counsel of record are as follows:

- Morrison & Foerster LLP
- Cooley LLP

2.13    Party:  any Party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).  Except as otherwise provided herein, this specifically excludes any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities, that may have an interest—whether financial or non-financial—in the subject matter or outcome of these proceedings, but is not a named Party to this action.

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium), e-discovery services (e.g., contract attorneys), and their employees and subcontractors.

  2.16 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

  2.17 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure (for the sake of clarity, information previously known to the Receiving Party will remain subject to any confidentiality restrictions otherwise relating to any preexisting confidentiality restriction) or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Confidential Information.  Any use of Protected

Material at trial (including source code) shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level

of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material, or, if not practicable, as otherwise agreed by the Parties.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.

6.

(b)      for testimony given in deposition or in other pretrial proceedings, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to thirty (30) days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If counsel for a Designating Party does not designate a deposition transcript under this Stipulated Protective Order during the deposition, the deposition transcript shall nevertheless be treated as (i) "HIGHLY CONFIDENTIAL – SOURCE CODE," if any document marked, introduced, or discussed during the deposition was so designated, or (ii) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such treatment shall last for 30 days following the release of the transcript, during which time the Producing Party may elect to designate all or part of the deposition transcript under this Stipulated Protective Order and if no such designation is made, the entire deposition transcript shall be released from any automatic designation. In the event a deposition is released from automatic designation, any documents marked as exhibits in the deposition that were previously designated as Protected Material will retain such designation and continue to be treated in accordance with the terms of this Protective

Order.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Unless otherwise agreed, any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated as (i) "HIGHLY CONFIDENTIAL – SOURCE CODE," if any document marked, introduced, or discussed during the deposition was so designated, or (ii) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

(c)       for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," or, if not practicable, as otherwise agreed by the Parties.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>.  Inadvertent and/or unintentional failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for

confidential treatment.  Promptly upon learning of such inadvertent or unintentional failure to designate, the Designating Party shall notify the Receiving Party of the proper designation, at which time the Receiving Party shall treat all such information in accordance with any revised designations.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party may challenge a designation of confidentiality at any time.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation and the specific document or information it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the

Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1]  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation, unless there was good cause for delay, in which case the Designating Party shall explain the bases for the delay in addition to the above requirements.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

---

[1] It may be appropriate in certain circumstances for the Parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process.  The burden of persuasion would remain on the Designating Party.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. To the extent disclosure is needed to categories of persons other than those set forth in this Order, the Parties shall meet and confer to discuss the conditions of such a disclosure.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

Nothing herein prevents a Producing Party from disclosing its own Protected Material to any witness during his or her deposition, including witnesses who have refused to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and such disclosure will not affect the confidentiality designation of the Protected Material.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(b) the officers, directors and employees (as well as House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors or focus group participants, insurance representatives, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, or during preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Witnesses who are current employees of a Party shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to their depositions.  A Party that intends to show "CONFIDENTIAL" documents to a third-party witness must ask the witness to sign the "Acknowledgment and Agreement to Be Bound," unless previously signed by the witness.  If a Party objects to the disclosure of certain "CONFIDENTIAL" documents to a third-party witness, on the ground that the witness is currently employed by a competitor of the Party, the Party must notify the deposing Party at least seven (7) days before the date of the witness's deposition (or a reasonable time before the deposition if the objecting Party receives less than fifteen (15) days' notice of the deposition), of the categories of "CONFIDENTIAL" documents or information it contends should not be shown to the witness.  If the Parties are unable to reach agreement on the scope of Protected Materials to

be shown to the third-party witness, the Parties shall submit a joint submission to the Court as provided in Paragraph 12 of the Court's Standing Order and the Protected Materials in dispute may not be shown to the third-party witness pending the resolution of the joint submission.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information before the initiation of this action.

   7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit  A), and (3) as to whom the

procedures set forth in Paragraph 7.4 (a)(1), below, have been followed;[3]

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors or focus group participants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action, so long as such witnesses authored or received the document before the initiation of this action, or are current employees or consultants of the Producing Party, or were employed by or consulting for the Producing Party at the time the document was created, unless otherwise agreed by the Designating Party or ordered by the court. Witnesses who are current employees of a Party shall sign the "Acknowledgment and Agreement to Be Bound"

---

[3] In limited instances where a Party believes that a document should be seen by Outside Counsel of Record only, the Producing Party must state so in writing and provide a copy of the document to the Receiving Party's Outside Counsel of Record. Within seven (7) days, the Receiving Party's Outside Counsel of Record must advise the Producing Party if it agrees that the document may be produced with a "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation. If the Parties agree to such a designation, the document may not be disclosed pursuant to Section 7.3(b). If the Receiving Party's Outside Counsel of Record does not agree with the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation, then the Producing Party can either withdraw that designation or raise the matter with the Court pursuant to Section 6.3 of this Protective Order.

(Exhibit A) prior to their depositions. A Party that intends to show "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents to a third-party witness must ask the witness to sign the "Acknowledgment and Agreement to Be Bound," unless previously signed by the witness. If a Party objects to the disclosure of certain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents to a witness, the Party must notify the deposing Party at least seven (7) days before the date of the witness's deposition (or a reasonable time before the deposition if the objecting Party receives less than fifteen (15) days' notice of the deposition), of the particular categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information it contends should not be shown to the witness. If the Parties are unable to reach agreement on the scope of Protected Materials to be shown to the witness, the Parties shall submit a joint submission to the Court as provided in Paragraph 12 of the Court's Standing Order and the Protected Materials in dispute may not be shown to the witness pending the resolution of the joint submission. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information before the initiation of this action.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a) (1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel (other than those individuals expressly identified below) any information or item that has been

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine whether House Counsel is involved, or may become involved, in any competitive decision making.  Each Party is limited to no more than four (4) Designated House Counsel.

       The Parties need not follow the procedure in Section 7.4(a)(1) above for the following individuals identified as Designated House Counsel:

- Designated House Counsel for Phoenix will be Lauren Segal.[4]

- Designated House Counsel for VMware will be Brooks Beard.

       (2)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence; (2) attaches a copy of the Expert's current resume; (3) identifies the Expert's current employer(s); (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any

---

[4] Where House Counsel or Outside Counsel of Record for Phoenix believes it is reasonably necessary to disclose certain documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Cindy Lopez, counsel will identify such documents in writing, and the Parties will meet and confer.

time during the preceding five years;[5] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement

---

[5] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual who reviews "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the technology disclosed in Protected Materials of a Party that the person reviewed or accessed.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims during the original prosecution of a patent or during any post-grant proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, any post-grant proceedings).  Nor does "prosecution" as used in this paragraph include participation by such individual representing a patent-holder in a reissue protest, supplemental examination proceeding, post-grant review, *ex parte* reexamination, or *inter partes* review, so long as the proceeding is not initiated by the patent-holder itself for any of its own patents, and so long as the individual has no involvement in and does not advise regarding drafting, editing, approving or amending claim language.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end twelve (12) months after final termination of this action.

9.    SOURCE CODE

       (a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

       (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

       (c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 a.m. to 5:00 p.m. local time, Monday-Friday, excluding holidays) or at other mutually agreeable times, at an office of the Producing Party's counsel, or another mutually agreed upon location. The code shall be made available upon seven (7) business days' notice of a first inspection and upon three (3) business days' notice of subsequent inspections (and other days and/or times upon reasonable request). The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code in any way, including copying by handwriting or onto any recordable media or recordable device, except as explicitly allowed.

       The secured computer shall have the necessary technology and software to allow for proper viewing, analysis, comparing and searching of the Code. If requested by the Receiving Party, the Producing Party shall load any reasonable software analysis tools

provided by the Receiving Party. The Receiving Party and its experts may need to utilize certain automated forensic tools as part of the source code review procedure. Such tools may be used to compare source code. The Parties will work together to agree on acceptable forensic tools and procedures. The Receiving Party is responsible for complying with any licensing terms for such software analysis and forensic tools, including paying for any third-party costs or fees associated with providing those tools. If the Receiving Party is technically unable to view any of the Code, the Receiving Party will notify the Producing Party of the portions of Code that cannot be reviewed, and the Parties shall make a good faith effort to meet and confer within one (1) business day of such notice in an attempt to resolve the issue. The Receiving Party and its experts may need to load its own source code onto the Producing Party's secured computer as part of the source code review procedure. If requested by the Receiving Party, the Producing Party shall load any source code provided by the Receiving Party onto the secured computer and will treat such source code as "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. Access to the secured computers with the source code shall be limited to at most five (5) Experts of the Receiving Party who have clearance to review such source code under Section 7 above. Any Experts who access source code of a Producing Party shall be precluded from consulting with the Receiving Party for two years thereafter concerning the ongoing or future development of any BIOS technology related to the Receiving Party's products.

(d)     The Receiving Party may request paper copies of limited portions of source code, including source code comparison files showing any differences in the Producing Party's and Receiving Party's source code as generated by a forensic tool, that

20.

are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Producing Party's source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any copy, including handwritten, electronic, or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)     Notwithstanding the foregoing, an Expert reviewing the source code may make hand-written notes identifying the portions of the source code for which the Receiving Party may request paper copies under subsection (d) above.  To the greatest extent practicable, such notes will consist only of references to file names, line numbers,

21.

function names, or other information that does not consist of the actual contents of the source code.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c) Unless otherwise prescribed by the Non-Party, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request if the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information. If the Non-Party timely seeks

23.

a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) secure the agreement of the recipients not to further disseminate the Protected Materials in any form.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

In accordance with Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation.  Inadvertent and/or unintentional production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon discovering that it has inadvertently produced such information. Upon receiving such notice, the Receiving Party will take reasonable steps to immediately return such information or documents, including all copies thereof, to the Producing Party. Alternatively, the Receiving Party shall immediately confirm in writing that it has taken

reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies.  If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned.  If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the Parties or by a decision of this court.

Nothing in this Stipulation shall require disclosure of material that a Party contends is protected from disclosure by attorney-client privilege or the attorney work-product immunity or any other applicable form of immunity.  This shall not preclude any Party from moving the court for an order directing the disclosure of such material.

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>.  Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party must comply with Civil Local Rule 79-5 and any other applicable rules.

Before disclosing Protected Material in an open courtroom at trial or other court hearings in this case, a Party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Protected Material in the open courtroom.  The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the Protected Material in the open courtroom; otherwise, the Protected Material may be used in an open courtroom at trial or other court hearings in this case without regard to the other provisions in this Order.  The Parties agree that the use of Protected Material at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Material.  Where Protected Material may be revealed or referred to in a question that will be put to a witness at trial upon oral examination or Protected Material will be used as exhibits during the examination, the Producing Party may request that the Court require that all persons in attendance who are not entitled access to such Protected Material under this Order leave the courtroom until such line of inquiry is complete.

15.    <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, reports, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not

retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including email), and consultant and expert work product, even if such materials contain Protected Material, except any copy of source code, which shall be returned or destroyed.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Nothing in this Protective Order shall require that Counsel for the Parties search through their email archives to find every instance where an email to or from Counsel may attach Protected Material.  However, unless it is an archival copy as permitted above, Protected Material stored on a shared drive, attorneys' desktops, or printed in hard copy, must be destroyed pursuant to this Section.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _9 | 8 | 15_ _____
Attorneys for Plaintiff

DATED: _8 | 28 | 15_ _____
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____ _____
The Hon. Haywood S. Gilliam
United States District Judge

27.

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., a Delaware corporation<br><br>                  Plaintiff,<br><br>   vs.<br><br>VMWARE, INC., a Delaware Corporation<br><br>                Defendant. | Case No. 5:15-cv-01414-HSG |

<u>**AGREEMENT AND ACKNOWLEDGEMENT TO BE BOUND
BY STIPULATED PROTECTIVE ORDER**</u>

I, _____, declare that:

    1.  My present occupation (including job title) is

_____.

    2.  I am currently employed by

_____.

    3.  My business address is

_____.

1.

4.   My present business relationship with Party _____ is

_____.

5.   I have received a copy of the Stipulated Protective Order in this action, and have carefully read and understand its provisions.

6.   I will comply with all provisions of the Stipulated Protective Order.  I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity, except in strict compliance with the provisions of this Order.

7.   If applicable, I agree to take reasonable steps to return or destroy and certify destruction of all materials designated under the Protective Order which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.  I will do this immediately upon receiving a request from the counsel for the Party for whom  I was employed or retained or, in any event, by no later than thirty days after I have been notified  that litigation between the Parties has ended.

8.   I accept full responsibility for taking measures to ensure that staff members working  under my supervision comply with the terms of this Protective Order.

9.   I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of this Protective Order.


I declare under penalty of perjury that the foregoing is true and correct.


NAME (print): _____

SIGNATURE: _____

DATE:  _____

2.

**EXHIBIT B**

**<u>Phoenix Competitors</u>**
American Megatrends Inc.
Insyde Software Corp.,
Nanjing Byosoft Co., Ltd.
Kunshan Byosoft Co., Ltd.


**<u>VMware Competitors</u>**
Microsoft
Citrix
Red Hat
Cisco
Amazon
Oracle
Nutanix
IBM
HP
BMC
VMTurbo
Nuage Networks
Google
Zerto
Veeam