UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD.,<br>    Plaintiff,<br>    v.<br>VMWARE, INC.,<br>    Defendant. | Case No. 15-cv-01414-HSG   (DMR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br>Re: Dkt. No. 114 |

The parties submitted a joint discovery letter in which Plaintiff Phoenix Technologies Ltd. moves to compel Defendant VMware, Inc. to respond to an interrogatory seeking information regarding Defendant's projected sales. [Docket No. 114 (Jt. Letter).] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Plaintiff's motion is denied.

**I.  DISCUSSION**

Plaintiff holds copyrights in its Basic Input/Output System ("BIOS") programs. According to Plaintiff, Defendant's use of BIOS infringes Plaintiff's copyrights and constitutes a breach of the parties' license agreement. Plaintiff propounded Interrogatory No. 2, which seeks Defendant's "projected sales, revenues, and profits on a yearly basis for 2015 and for each year (or portion thereof) in the future that [Defendant] intends to continue using, selling, leasing, licensing, distributing, or transferring" products "containing, incorporating, or using information from Phoenix BIOS." Plaintiff argues that information about Defendant's projected sales is relevant to its calculation of copyright damages, as well as to rebut Defendant's argument that Plaintiff's BIOS "is an 'outdated, obsolete product' that has minimal value." Jt. Letter at 1.

Defendant argues that its actual sales are relevant to the calculation of copyright damages, but not its sales projections or forecasts. Defendant asserts that it has already produced 16 years of

actual sales data for its products containing BIOS.

Federal Rule of Civil Procedure 26 provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

The Copyright Act provides for the recovery of "actual damages suffered by [the copyright owner] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Actual damages are "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir. 1985). "Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). To establish an infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue." 17 U.S.C. § 504(b).

Plaintiff argues that Defendant's sales projections for products containing BIOS are relevant to determining "the value of the infringing use" of BIOS to Defendant. Jt. Letter at 1. It cites one case in support of its position. *See McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566-67, 571 (7th Cir. 2003). In *McRoberts*, the defendant had entered into a license agreement regarding the plaintiff's product, which was intended for use with Macintosh operating

1  systems. The defendant copied and translated the product source code into Windows-compatible
2  software. *Id*. at 561-63. The jury found infringement, and awarded copyright damages based on
3  actual damages and lost profits. The defendant challenged the damages award as speculative and
4  unsupported by the evidence. *Id*. at 565-67. The court noted that "[i]t is not improper for a jury to
5  consider . . . the value of the infringing use to the infringer to determine actual damages, provided
6  the amount is not based on 'undue speculation.'" *Id*. at 566 (citations omitted). The court
7  described the five ways of measuring damages that the plaintiff had presented to the jury, and
8  noted that the plaintiff had provided "substantial evidence of the value of Windows-compatible
9  character generation software" to the defendant, including the defendant's actual and projected
10 sales of its product line incorporating the Windows-compatible version of the plaintiff's software.
11 *Id*. at 566-67. It affirmed the jury award, holding that the plaintiff had provided sufficient
12 evidence of the value of the lost licensing fee "so that the jury did not have to resort to undue
13 speculation in estimating actual damages." *Id*. at 566-67.

14 *McRoberts* is distinguishable. It did not address the discoverability of a defendant's
15 projected sales; instead, it considered whether the jury's damages award was supported by
16 sufficient evidence. Moreover, in *McRoberts*, the defendant pulled infringing products from the
17 market "[s]oon after" it began selling them. *Id*. at 562. Actual sales data was therefore limited.
18 Here, Defendant continues to incorporate the accused software into its products, and has produced
19 16 years of actual sales data. This constitutes ample, non-speculative evidence from which
20 Plaintiff can calculate the value of Defendant's allegedly infringing use of BIOS. Plaintiff makes
21 no effort to explain how projected sales data would be relevant to its damages calculation,
22 especially in light of the actual sales information that has already been produced.

23 Plaintiff also argues that it needs Defendant's sales projections to respond to the
24 anticipated argument that Plaintiff's product has minimal value. However, Plaintiff can counter
25 this by showing that Defendant has used BIOS for many years and continues to use it in its
26 products. It does not need projected sales information to do so. In sum, the court finds that
27 Plaintiff has not established the relevance of Defendant's projected sales for products
28 incorporating Plaintiff's BIOS.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel a further response to Interrogatory No. 2 is denied.

**IT IS SO ORDERED.**

Dated: September 30, 2016



Donna M. Ryu
United States Magistrate Judge