UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., <br> Plaintiff, <br> v. <br> VMWARE, INC., <br> Defendant. | Case No. 15-cv-01414-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 181, 182, 230, 247, 279, 280 |

Pending before the Court are several administrative motions to file various documents under seal pursuant to Civil Local Rule 79-5, relating to Plaintiff Phoenix Technologies' ("Plaintiff") and Defendant VMware, Inc.'s ("Defendant") *motions in limine* ("MIL") and charging conference statements. *See* Dkt. Nos. 181, 182, 230, 247, 279, 280. No oppositions to the motions were filed. Having carefully considered each of the requested redactions, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motions to seal.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons

sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## II. DISCUSSION

Here, the Court applies the "compelling reasons" standard because the documents at issue have more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1099 (stating that "plenty of technically non-dispositive motions—including routine motions *in limine*—are strongly correlative to the merits of a case."). The Court rules as follows:

//

//

| Motion | Document | Ruling | Reason |
|---|---|---|---|
| 181 | Plaintiff's MIL No. 2 | GRANTED | Confidential Business Agreement. |
| 181 | Plaintiff's MIL No. 3 | DENIED as to 2:21; 3:10-12; 3:21-22; 3:27; 4:1; | No Declaration in Support |
| 181 | Declaration of Whitty Somvichian in Support of Plaintiff's MIL ("Somvichian Decl."), Exhibit 4 | GRANTED as to 93:17-95:11 | Confidential Business Agreement. |
| 181 | Somvichian Decl., Exhibit 5 | DENIED | No Declaration in Support |
| 181 | Somvichian Decl., Exhibit 6 | DENIED | No Declaration in Support |
| 181 | Somvichian Decl., Exhibit 7 | GRANTED | Confidential Business Information. |
| 181 | Somvichian Decl., Exhibit 8 | GRANTED as to 111:12, 111:18-113:21; 127:15 | Confidential Business Information. |
| 181 | Somvichian Decl., Exhibit 11 | GRANTED | Confidential Business Agreement. |
| 181 | Somvichian Decl., Exhibit 12 | GRANTED | Confidential Business Information. |
| 181 | Somvichian Decl., Exhibit 14 | DENIED as to 2:1-28<br><br>DENIED as to rest of Exhibit | No Declaration in Support |
| 182 | Defendant's MIL #1 | DENIED as to 3:7-9; 3:15-17; 3:21-22; 3:27; 4:25; 4:25-26 | No Declaration in Support. |
| 182 | Defendant's MIL #2 | GRANTED as to 1:19; 2:24-28 | No Declaration in Support |
| 182 | Defendant's MIL #3 | GRANTED as to 1:20; 1:21; 1:22 | Confidential Business Information. |
| 182 | Defendant's MIL #4 | GRANTED as to 1:8; 1:9; 1:10; 2:23; 2:24 | Confidential Business Information. |
| 182 | Defendant's MIL #5 | GRANTED as to 1:12; 1:13; 2:13; 2:15 | Confidential Business Information. |
| 182 | Declaration of Michael A. Jacobs in Support of Defendant's MIL # 1-5 ("Jacobs Decl."), Exhibit 2 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 3 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 4 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 5 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 7 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 9 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 10 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 13 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 16 | GRANTED | Confidential Business Information. |
| 182 | Jacobs Decl., Exhibit 17 | GRANTED | Confidential Business Information. |
| 182 | Jacobs Decl., Exhibit 18 | GRANTED | Confidential Business Information. |
| 182 | Jacobs Decl., Exhibit 21 | GRANTED as to 409:1-15, 409:22-410:1, 410:5-15, 410:24-411:4, 411:12-18, 411:23-412:3, 412:6, 413:14 | Confidential Business Information. |
| 182 | Jacobs Decl., Exhibit 22 | DENIED | No Declaration in Support |
| 182 | Jacobs Decl., Exhibit 23 | DENIED | No Declaration in Support |
| 230 | Defendant's Opposition to Plaintiff's MIL No. 2 | GRANTED as to 1:2-3; 1:22-24; 2:4; 3:3; 3:4-5; 3:7; 3:10-11; 3:28-4:4; 4:13; 4:27; and 5:1 | Confidential Business Information. |
| 230 | Defendant's Opposition to Plaintiff's MIL No. 4 | DENIED as to 1:4-6; 1:7-9 | No Declaration in Support |
| 230 | Defendant's Opposition to Plaintiff's MIL No. 5 | DENIED as to 1:8-12; 1:14-15 | No Declaration in Support |
| 230 | Declaration of Michael A. Jacobs in Opposition to | GRANTED as to 333:20-335:6 | Confidential Business Information. |

| | | | |
|---|---|---|---|
| | Plaintiff's MIL Nos. 1-5 ("Jacobs Decl. in Opposition"), Exhibit 12 | | |
| 230 | Jacobs Decl. in Opposition, Exhibit 13 | GRANTED | Confidential Business Agreement. |
| 230 | Jacobs Decl. in Opposition, Exhibit 14 | GRANTED as to 227:11-229:2 | Confidential Business Information. |
| 230 | Jacobs Decl. in Opposition, Exhibit 15 | GRANTED | Confidential Business Agreement. |
| 230 | Jacobs Decl. in Opposition, Exhibit 18 | GRANTED | Confidential Business Agreement. |
| 230 | Jacobs Decl. in Opposition, Exhibit 21 | DENIED | No Declaration in Support |
| 230 | Jacobs Decl. in Opposition, Exhibit 22 | DENIED as to 50:1-51:25 | No Declaration in Support |
| 230 | Jacobs Decl. in Opposition, Exhibit 25 | GRANTED | Proprietary Third Party Information. |
| 230 | Jacobs Decl. in Opposition, Exhibit 26 | DENIED as to 44:1-48:25 | No Declaration in Support |
| 230 | Jacobs Decl. in Opposition, Exhibit 30 | DENIED | No Declaration in Support |
| 230 | Jacobs Decl. in Opposition, Exhibit 36 | DENIED as to 45:1-48:25 | No Declaration in Support |
| 230 | Jacobs Decl. in Opposition, Exhibit 38 | DENIED | No Declaration in Support |
| 247 | Plaintiff's Opposition to Defendant's MIL No. 5 | GRANTED as to 5:6-7; 5:n.3; 5:n.5 | Confidential Commercial Information. |
| 247 | Declaration of Whitty Somvichian in Support of Plaintiff's Opposition to Defendant's MIL Nos. 1-5, Exhibit 77 | DENIED | No Declaration in Support. |
| 279 | Trial Exhibit 163 | DENIED | No Declaration in Support |
| 280 | VMware's Charging Conference Statement | DENIED as to 8:10 8:13-16 | No Declaration in Support |
| 280 | Gonzalez Exhibit 1 | DENIED as to 122:7 122:17-18 123:3 123:6 123:8 124:2 | No Declaration in Support |

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

### III. CONCLUSION

While Civil Local Rule 79-5(f)(3) typically requires the parties to file all required revised redacted versions within 7 days, in the interest of receiving all revised documents in advance of the April 17, 2017 charging conference, the parties are **ORDERED** to file all revised documents by 5:00 p.m. on April 12, 2017. In addition, while VMware attorney Krystia Przepiorski provided a specific reason for sealing Exhibits 19 and 20 to the Declaration of Michael A. Jacobs in Opposition to Plaintiff's MIL Nos. 1-5, *see* Dkt. No. 230-2, such a request was not included in the motion to seal itself, *see* Dkt. No. 230. The Court will thus allow VMware the opportunity to file such a request by 5:00 p.m. on April 12, 2017, if it chooses to do so.

**IT IS SO ORDERED.**

Dated: 4/10/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge