UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., <br> Plaintiff, <br> v. <br> VMWARE, INC., <br> Defendant. | Case No. 15-cv-01414-HSG <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S DESIGNATION OF DEPOSITION TESTIMONY OF CAROL HALLETT** <br><br> Re: Dkt. No. 409 |

This motion involves what the Court assumes to be a rare, and somewhat astonishing, set of facts.

Trial in this matter began on May 30, 2017. Dkt. No 375. Without dispute, counsel for defendant VMware repeatedly represented to opposing counsel that it planned to call former Phoenix employee Carol Hallett to testify in defendant's case-in-chief. *See* Dkt Nos. 409-2, 409-3, 409-4, 409-5. It is undisputed that Ms. Hallett resides more than 100 miles away from the courthouse where the trial is taking place. *See* Dkt. No. 409 at 2 (citing Hallett Tr. At 5:14). On Sunday, June 4, 2017, Ms. Hallett "was in Oakland at [defense counsel's] request to discuss possibly testifying in this trial and [so that defense counsel could] prepare her to testify." Dkt. No. 416 ¶ 2. In fact, Ms. Hallett was staying at the Oakland Marriott City Center, located two blocks from this courthouse. At 5:22 p.m. on June 4, 2017, defense counsel advised plaintiff's counsel that Ms. Hallett would be their first witness. *See* Dkt. No. 409-4. However, at 3:30 p.m. on Monday, June 5, 2017, defendant disclosed for the first time that it no longer planned to call Ms. Hallett as a live witness, and would instead seek to introduce her videotaped deposition testimony. *See* Dkt. No. 409-5. It turns out that Ms. Hallett had checked out of her room at the Marriott at

8:49 a.m. that morning, after the start of the trial day, and returned to her home.[1] *See* Dkt. Nos. 409-1 ¶ 2, 414 at 1013:22-23. Defendant now seeks to admit excerpts of Ms. Hallett's deposition testimony in its case-in-chief on June 7, 2017, in lieu of live testimony.

The Court thus confronts the following question: is a witness who resides more than 100 miles from the courthouse, and is at her residence when counsel seeks to proffer her deposition testimony, "unavailable" under Federal Rule of Civil Procedure 32(a)(4)(B), even when the witness was two blocks away from the courthouse and actively meeting with defense counsel to prepare for potential live testimony up until two days before her testimony is proffered? The Court views the facts here as, at a minimum, inconsistent with the spirit of the unavailability rule, and with the longstanding presumption that live testimony is clearly preferable to deposition testimony, especially for important witnesses like Ms. Hallett. *See Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *4 (N.D. Cal. Sept. 14, 2011) (stating that "for trial, live testimony is as a general matter preferable over deposition excerpts."). Reluctantly, however, the Court concludes that the plain language of Rule 32 and controlling precedent establish that Ms. Hallett is technically unavailable at the time the deposition is being offered, authorizing defendant's use of her deposition.

Rule 32(a)(4)(B) provides that "a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4(B). There is no dispute that Ms. Hallett lives more than 100 miles from the courthouse. Instead, the question is whether, having persuaded Ms. Hallett to come within a two-block radius of the courthouse to prepare for potential testimony, defendant can nonetheless establish her unavailability as of today because she chose to return home after defense counsel said she would not be called. *See* Dkt. No. 416 ¶ 2. Perhaps unsurprisingly, neither the Court nor the parties have identified a case involving this precise scenario. However, in *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998,

---

[1] Plaintiff's case-in-chief was ongoing on June 5.

1019 (9th Cir. 2004), a case involving a trial in the Northern District of California, the Ninth Circuit found that a witness' "residence in Alabama placed him outside of the court's subpoena power under [Rule] 45, and he was thus unavailable pursuant to [Rule] 32(a)(3), which permits deposition testimony where 'the witness is at a greater distance than 100 miles from the place of the trial or hearing.'" While *Hangarter* obviously did not involve the unusual fact pattern present in this case, nothing in that case or the text of Rule 32 requires (or permits) the Court to consider whether a witness was within the 100-mile radius at any time other than the moment when the witness' deposition testimony is proffered. As of today, Ms. Hallett presumably is still at her home 130 miles away. *See* Dkt. No. 414 at 1013:22-23. This compels the conclusion that defendant may use her deposition testimony "unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B).

The Court finds that the record does not establish that VMware "procured" Ms. Hallett's absence. According to sworn representations by VMware's counsel, Ms. Hallett was told on Monday, June 5, 2017 that she would not be called to testify, and that she "could enjoy her [hotel] room or she could leave." Dkt. No. 416 ¶ 2. VMware's counsel "did not tell Ms. Hallett to leave Oakland, to avoid the courthouse, or suggest that she should not speak to or communicate with Phoenix or its counsel." *Id.* ¶ 3. Thus, contrary to Phoenix's claims, VMware did not procure Ms. Hallett's absence by persuading her to voluntarily come to Oakland, then advising her that she was free to return home once the decision was made not to call her. *See Carey v. Bahama Cruise Lines,* 864 F.2d 201, 204 (1st Cir. 1988) (noting that "[u]nder the case law interpreting Rule 32 . . . procuring absence and doing nothing to facilitate presence are quite different things."); *cf. Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187 (10th Cir. 2004) (party procured his own absence at trial by voluntarily leaving the country).

Phoenix categorically asserts that finding unavailability under these circumstances "would constitute reversible error in the Ninth Circuit," Dkt. No. 409 at 1, but cites no Ninth Circuit authority other than *Forbes v. Cnty. of Orange*, 633 Fed. App'x 417 (9th Cir. 2016), an unpublished, non-precedential memorandum disposition. Even if it were controlling precedent, *Forbes* is plainly distinguishable: that case involved a different subsection of Rule 32—section

3

(a)(4)(D)—that is separate from the 100-mile provision at issue here, and the rule makes clear that a party may offer deposition testimony if *any one* of the conditions set out in sections (A) through (E) is met. *Id.* at 418; *see also* Fed. R. Civ. P. 32(a)(4)(A)-(E) (listing five alternatives in the disjunctive, as reflected by the "or" between (D) and (E)). And the *Forbes* court simply found that the district court did not abuse its discretion in finding that the witness was not unavailable under Rule 32(a)(4)(D) or (a)(4)(E). *Id.*[2]

As should be clear from the above discussion, the Court is not enthusiastic about ratifying Defendant's plainly intentional tactical decision to deprive the jury of live direct and cross-examination of a key witness. The Court does not disagree with Phoenix's characterization of the course of events here as "distasteful," and the drafters of the Federal Rules might have been tempted to write Rule 32 differently had they considered the prospect of what occurred here. Nonetheless, on the undisputed facts presented, the Court is constrained by the plain language of Rule 32 and controlling Ninth Circuit authority to conclude that Ms. Hallett is unavailable. Accordingly, plaintiff's motion to exclude her videotaped deposition excerpts is **DENIED**.

**IT IS SO ORDERED.**

Dated: 6/7/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court also finds Plaintiff's other proffered out-of-circuit cases unpersuasive. *United States v. Turner*, 561 Fed. App'x. 312, 321 (5th Cir. 2014), considered unavailability in the context of Rules 804(b)(1) and 807(a)(2), neither of which is at issue here, rather than under Rule 32. And in the Court's view, *VIIV Healthcare Co. v. Mylan, Inc.*, No. 12-cv-1065-RGA, 2014 WL 2195082, at *1 (D. Del. May 23, 2014) inappropriately imported subsection (a)(4)(D)'s implicit obligation "to use reasonable diligence to secure [a] witness's presence" into subsection (a)(4)(B). Indeed, *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 308 (7th Cir. 2009), which *VIIV* cites for that proposition, discusses such an obligation only in the context of subsection (a)(4)(D).