# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., <br> Plaintiff, <br> v. <br> VMWARE, INC., <br> Defendant. | Case No. 15-cv-01414-HSG <br><br> **ORDER GRANTING MOTION TO SEAL** <br><br> Re: Dkt. No. 452 |

On July 17, 2017, Plaintiff Phoenix Technologies LTD. filed an unopposed administrative motion to seal portions of the trial transcripts in this case. Dkt. No. 452.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous

statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

## II. DISCUSSION

Plaintiff seeks to seal "narrowly tailored portions of the trial transcript that contain confidential and highly sensitive pricing information that could be used to Phoenix's competitive disadvantage." Dkt. No. 452 at 2. In the pending motion to seal, Plaintiff argues that the "compelling reasons" standard is met here because public access to the portions of the transcripts sought to be sealed "would give current or potential customers of Phoenix insight into the confidential licensing terms and pricing that Phoenix has offered to other customers, significantly impairing Phoenix's ability to negotiate pricing and other terms in the future," and because "Courts in the Northern District of California routinely seal those portions of trial transcripts that contain such sensitive business information." *Id.* at 2, 3 (listing cases).

The Court agrees that the proposed redactions of the trial transcripts contain sealable material. The Court further finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore **GRANTS** Plaintiff's motion to seal the identified portions of the trial transcripts. *See* Dkt. No. 452 at 3-5 (proposing the redaction of certain information contained in pages 272:2, 276:10, 314:13, 432:12, 433:4, 434:7, 435:12, 436:3, 436:4, 436:6, 436:10, 436:13, 437:20, 437:22, 438:10, 444:6, 472:10,

472:11, 927:23, 927:25, 928:3, 928:4, 935:9, 935:16, 935:17, 1066:24, 1506:7, 1506:11, 1506:16, 1506:19, and Dkt. No. 440 at Transcript of 04- 29-2016, Deposition of Deanna Wang (00:00:23) as played at trial: 18:2, and Dkt. No. 440 at Transcript of 03- 31-2016, Deposition of Matt Durbin (00:01:01) as played a trial: 29:13; 38:6; 41:6; 41:15; 43:22; 44:3).

**IT IS SO ORDERED.**

Dated: 8/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge