UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant. | Case No.15-cv-01414-HSG <br><br> **ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 460, 482 |

Pending before the Court are two unopposed motions to seal by Defendant VMware, Inc. *See* Dkt. Nos. 460, 482. For the reasons set forth below, the Court **GRANTS** the motions.

**I. BACKGROUND**

On August 17, 2017, Defendant filed a motion for attorney's fees and costs. Dkt. No. 462. Also on August 17, Defendant filed a Bill of Costs, Dkt. No. 461, accompanied by a motion to seal certain documents relating to the motion for attorney's fees and the Bill of Costs, Dkt. No. 460. On September 14, 2017, Defendant filed an Amended Bill of Costs. Dkt. No. 478. No motion to seal accompanied that filing. Then, on September 20, 2017, Defendant filed a Second Amended Bill of Costs, Dkt. No. 483, accompanied by another motion to seal portions of the latter. Dkt. No. 482.

While Defendant was not clear as to the relation between the two motions to seal, it appears that the second motion, Dkt. No. 482, does not supersede or moot the first motion, Dkt. No. 460. For example, in its first motion, Defendant sought to seal portions of Exhibit 1 to the Declaration of Michael A. Jacobs, filed in support of the motion for attorney's fees, as well as the following documents filed in support of the Bill of Costs: Schedule E, Schedule F, the Declaration of Claudia Galvez, and Exhibit 1 to the Declaration of Farhad Hajimirzaee. *See* Dkt. No. 460. In

1  its second motion, Defendant sought only to seal the Second Revised Schedule F, which it filed in
2  support of its Second Amended Bill of Costs. *See* Dkt. No. 482.

Given this ambiguity, the Court will address each of the requests for sealing in both motions.

## II. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are

privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## III. ANALYSIS

Because a motion for attorney's fees and costs and a bill of costs are nondispositive motions, the Court applies the "good cause" standard to Defendant's motions to seal. Defendant's overarching argument is that the material it seeks to seal "contains or discusses highly confidential business information about the negotiated payments that VMware made to its contract attorneys, e-discovery vendors, and graphics consultants supporting VMware in this lawsuit." Dkt. No. 460 at 2; *see also* Dkt. No. 482 at 1. The Court considers each document in turn.

### A. Exhibit 1 to the Declaration of Michael A. Jacobs in Support of Defendant's Motion for Attorney's Fees and Costs

Defendant moves to seal portions of Exhibit 1 to the Declaration of Michael A. Jacobs in support of its motion for attorney's fees and costs, Dkt. No. 460 at 1, which Defendant contends "contain[s] highly sensitive business information involving the confidential information about the amount it paid contract attorneys through Hire Counsel," Dkt. No. 460-1 (Declaration of Claudia Galvez in Support of the Motion to Seal, or "Galvez Decl.") ¶ 3. Hire Counsel "assist[ed] with legal staffing during discovery," and Defendant argues the portion of the declaration which it seeks to have sealed "constitute[s] VMware's and its third party vendors' highly sensitive business

3

1 information." *Id.* ¶ 4.

2 Upon review of the exhibit, the Court finds that the negotiated pricing terms Defendants seek to seal constitute "business information that might harm a litigant's competitive standing" if publicly disclosed. *See Nixon*, 435 U.S. at 598 (citation omitted). Moreover, the redaction is sufficiently "narrowly tailored" such that Defendant is seeking to seal only those portions of the exhibit that might put sensitive business information at risk. Accordingly, the Court grants Defendant's motion as to this exhibit.

### B. Schedules E and F in Support of Defendant's Bill of Costs; Declaration of Claudia Galvez in Support of Defendant's Bill of Costs; Exhibit 1 to the Declaration of Farhad Hajimirzaee in Support of Defendant's Bill of Costs

Defendant next moves to seal portions of Schedules E and F, the Declaration of Claudia Galvez (in Support of the Bill of Costs), and Exhibit 1 to the Declaration of Farhad Hajimirzaee, all of which it filed in support of its Bill of Costs. Dkt. No. 460 at 1. With the exception of Schedule F, Defendant argues these documents "reveal highly-confidential pricing terms charged by Discovia and OpenAxes, third-party vendors who provided VMware with eDiscovery services in this lawsuit." *Id.*; *see also* Galvez Decl. ¶ 5 (characterizing these documents as "contain[ing] highly sensitive business information involving the confidential information about the amount it paid third-party e-discovery and visual aid vendors"). Schedule F "contains invoices from Impact Trial Consulting and Core TrialTech, third-party vendors who provided VMware with trials graphics, foam boards, and deposition designation clips during trial." Dkt. No. 460 at 3. Defendant seeks to seal Schedule F because it contains the "negotiated rates" the vendors charged VMware. *See id.*; *see also* Galvez Decl. ¶ 7 ("Both Impact Trial Consulting's and Core TrialTech's financial information is contained in the invoices attached in Schedule F.").

Upon review of Exhibit 1 to the Hajimirzaee Declaration, the Declaration of Claudia Galvez (in Support of the Bill of Costs), and Schedules E and F, the Court finds that the pricing and rates information therein is sealable material, *see Nixon*, 435 U.S. at 598, and sufficiently narrowly tailored. Accordingly, the Court grants Defendant's motion as to these documents.

//
//

4

### C. Second Revised Schedule F in Support of Defendant's Second Amended Bill of Costs

Last, Defendant moves to seal portions of the Second Revised Schedule F, which it filed in support of its Second Amended Bill of Costs. Dkt. No. 482 at 1.[1] Defendant contends that the Second Revised Schedule F contains invoices from Impact Trial Consulting and CoreTrial Tech, as well as "Impact's internal descriptions of [its] invoices." *Id.* at 1-2. It claims an "interest[] in maintaining the confidentiality of highly-sensitive business and pricing information." *Id.* at 2; *see also* Dawson Decl. ¶ 4.

Upon review of the Second Revised Schedule F, the Court finds that the pricing information and billing designations therein are sealable material, *see Nixon*, 435 U.S. at 598, and sufficiently narrowly tailored. Accordingly, the Court grants Defendant's motion as to the Second Revised Schedule F.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motions to seal. Under Civil Local Rule 79-5(f)(1), the unredacted versions of the documents specified in Defendant's motions will remain under seal and the public will have access only to the redacted versions originally filed by Defendant:

1. Exhibit 1 to the Declaration of Michael A. Jacobs. *See* Dkt. No. 460-3 (redacted); Dkt. No. 460-4 (sealed).

2. Schedule E. *See* Dkt. No. 460-9 (redacted); Dkt. No. 460-10 (sealed).

3. Schedule F. *See* Dkt. No. 460-11 (redacted); Dkt. No. 460-12 (sealed).

4. Declaration of Claudia Galvez (in Support of the Bill of Costs). *See* Dkt. No. 460-7 (redacted); Dkt. No. 460-8 (sealed).

5. Exhibit 1 to the Declaration of Farhad Hajimirzaee. *See* Dkt. No. 460-5 (redacted); Dkt. No. 460-6 (sealed).

---

[1] In its original Bill of Costs, Defendant sought to seal Schedule F. *See* Dkt. No. 460 at 3; Galvez Decl. I ¶ 7. Defendant then filed an Amended Bill of Costs, and a Revised Schedule F. *See* Dkt. No. 478. No motion to seal accompanied the Amended Bill of Costs. Defendant thereafter revised Schedule F again, and here seeks to seal the Second Revised Schedule F. *See* Dkt. No. 482-1 (Declaration of Shaelyn Dawson, or "Dawson Decl.") ¶ 3.

6. Second Revised Schedule F.  *See* Dkt. No. 482-2 (redacted); Dkt. No. 482-3 (sealed).

**IT IS SO ORDERED.**

Dated: 2/14/2018

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge