UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., <br> Plaintiff, <br> v. <br> VMWARE, INC., <br> Defendant. | Case No. 15-cv-01414-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART VMWARE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** <br><br> Re: Dkt. No. 497 |

Pending before the Court is a motion for review of the Clerk's taxation of costs by Defendant VMWare, Inc. Dkt. No. 497. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

## I. BACKGROUND

### A. Procedural History

Plaintiff Phoenix Technologies, Ltd. initially filed this lawsuit on March 27, 2015. Dkt. No. 1 ("Complaint" or "Compl."). The case arose out of Defendant's alleged unauthorized use of certain computer programs that Plaintiff licensed to Defendant "for limited purposes." *See id.* ¶ 1. Plaintiff alleged copyright infringement, *id.* ¶¶ 84–97, contributory infringement of copyright, *id.* ¶¶ 98–109, and breach of contract, *id.* ¶¶ 110–17. The parties filed cross-motions for summary judgment in July 2016. *See* Dkt. Nos. 121, 129. On January 6, 2017, the Court denied Plaintiff's motion for summary judgment and largely denied Defendant's motion for summary judgment, granting it only as to Plaintiff's contract claims. Dkt. No. 222 at 16–17.

A two-week jury trial was held beginning on May 30, 2017. On June 12, 2017, the jury reached a verdict after four hours of deliberations, Dkt. No. 450-1, finding that Defendant was not liable for copyright infringement or contributory copyright infringement, and that even if it were, Plaintiff had waived any such claims against Defendant, *see* Dkt. No. 438. The Court entered

1 judgment on August 3, 2017. Dkt. No. 458.

On August 17, 2017, Defendant timely filed its motion for attorney's fees and costs pursuant to Civil Local Rule 54-5. Dkt. No. 462. On August 31, 2017, Plaintiff timely filed its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), and its motion for a new trial under Federal Rule of Civil Procedure 59. Dkt. No. 467. The Court denied both motions on February 12, 2018. *See* Dkt. No. 494.

### B. Defendant's Second Amended Bill of Costs

Defendant filed a second amended Bill of Costs on September 20, 2017, seeking $900,951.22. Dkt. No. 483 at 2. Plaintiff objected to $708,076.10 of those costs. Dkt. No. 486 at 5. On February 14, 2018, the Clerk taxed costs in the amount of $187,626.44, disallowing $713,324.78. Dkt. No. 496 at 2.

On February 21, 2018, Defendant filed a motion for review of the Clerk's taxation of costs. Dkt. No. 497 ("Mot."). Plaintiff filed an opposition on March 7, 2018, Dkt. No. 499 ("Opp."), and Defendant replied on March 14, 2018. Dkt. No. 500 ("Reply"). In response to the Court's order, Dkt. No. 501, the parties filed a joint exhibit summarizing the costs Defendant seeks to which Plaintiff objects. *See* Dkt. No. 502.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1920, the Clerk of Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"'Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant.'" *Taniguchi v. Kan Pac. Saipan,*

2

*Ltd.*, 566 U.S. 560, 573 (2012) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2666, pp. 202–203 (3d ed.1998)). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption" that costs, other than attorneys' fees, shall generally be allowed to the prevailing party as a matter of course. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). It also "vests in the district court discretion to refuse to award costs," although such discretion "is not unlimited." *Id.* (citation omitted). Civil Local Rule 54-3 further provides standards for interpreting the categories of costs set forth in Section 1920.

With respect to costs, Rule 54 "places the burden on the losing party to demonstrate why costs should not be awarded." *Velasquez v. Donahue*, No. C 11-03444 JSW, 2014 WL 1018068, at *1 (N.D. Cal. Mar. 12, 2014) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)). The party seeking costs, however, "bears the burden of establishing the amount of compensable costs and expenses to which it is entitled." *Id.* (citation, internal quotation marks, and brackets omitted).

The Clerk's taxation of costs is reviewed de novo. *See Lopez v. S.F. Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

## III. DISCUSSION

Defendant initially sought $900,951.22 in costs, of which the Clerk allowed $187,626.44 and disallowed $713,324.78. Dkt. No. 496 at 2. In its motion, Defendant decreased that amount by $97.50 to avoid a potential double recovery for a witness travel expense, bringing its total request to $900,853.72. *See* Mot. at 2 n.2. In reply, Defendant withdrew a request for $4,883.56 in airfare costs, bringing its total request to $895,970.16. Reply at 12. Plaintiff, for its part, requests that the Court lower the amount of fees taxed from $187,626.44 to $115,714.56. *See* Opp. at 1.

The Court accordingly considers each category in which the Clerk disallowed costs.

### A. Fees of the Clerk and for Service of Process

Defendant sought $5,901.55 in costs related to service of process, which the Clerk disallowed in its entirety as "outside the ambit of Civil L.R. 54-3." *See* Dkt. No. 496 at 1. Defendant now seeks its full costs in this category, *see* Mot. at 12, which Plaintiff contends were

3

"properly disallowed," *see* Opp. at 2.

Civil Local Rule 54-3(a)(2) permits recovery of fees for service of process "to the extent reasonably required and actually incurred." *See also Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) (holding that "private process servers' fees are properly taxed as costs," including "fees for serving a subpoena or summons"). Civil Local Rule 54-3(e) allows per diem, subsistence, and mileage payments for witnesses who appear at a deposition "to the extent reasonably necessary." *See also* 28 U.S.C. § 1821. At the outset, regardless of how broadly Defendant argues the "reasonably required" standard ought to be construed, it has failed to carry its burden "of establishing the amount of compensable costs and expenses to which it is entitled." *See Velasquez*, 2014 WL 1018068, at *1. Schedule A only sets forth invoices enumerating costs related to subpoenas for trial, subpoenas for depositions, and the related witness fees. *See* Dkt. No. 483-2 ("Schedule A"). There is nothing in Schedule A that shows (or even purports to show) that the costs therein were "reasonably required."

While it may be true that Rule 54 creates a presumption that the prevailing party is entitled to costs, it is also true that such party has an obligation to establish that entitlement. Defendant has done nothing to do so here. Accordingly, the Court **DENIES** Defendant's challenge to the Clerk's decision regarding service of process fees and finds that the Clerk properly disallowed these costs.

### B. Reporters' Transcripts

Defendant sought $11,970.36 in costs related to transcripts for appeal, which the Clerk disallowed in its entirety as outside the ambit of the local rule. *See* Dkt. No. 496 at 1.[1] Defendant seeks its full costs in this category, *see* Mot. at 8–9, which Plaintiff again contends were "properly disallowed," *see* Opp. at 4.

Civil Local Rule 54-3(b)(1) permits taxation of "[t]he costs of transcripts necessarily obtained for an appeal." The same rule also provides that "[t]he cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be

---

[1] The Clerk allowed all $136.80 requested by Defendant for rulings from the bench under Civil L.R. 54-3(b)(3), which Plaintiff does not appear to dispute. *See* Dkt. No. 502 Ex. A at 1.

4

recoverable by counsel." Civil L.R. 54-3(b)(3). "Courts in the Northern District generally allow for recovery of costs for one copy of the trial transcript." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014) (citing *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-02590, 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014)). Moreover, "various courts in the Northern District tax the costs for pretrial hearing transcripts for claim construction and summary judgment hearings." *Id.* (citations omitted). And, while the costs of other transcripts are not usually recoverable, parties "reasonably could incur the expense of obtaining transcripts of all of the court proceedings" where a case is "contentiously litigated, and the parties . . . often made arguments based on the words very recently spoken by participants or by the court, sometimes using strained interpretations of the words or pulling them out of context." *Affymetrix, Inc. v. Multilyte Ltd.*, No. C-03-03779 WHA, 2005 WL 2072113, at *2 (citing *Intermedics, Inc. v. Ventritex*, No. C-90-20233 JW (WDB), 1993 WL 515879, at *4 (N.D. Cal. Dec. 2, 1993)).

Defendant argues that "the complexity of the litigation, which involved complicated technology, a factual record dating back nearly two decades, and the need for frequent briefing to the Court during the course of the trial" made it necessary for it to obtain the transcripts for which it now seeks to have the costs taxed. *See* Mot. at 8–9. Specifically, Defendant seeks costs related to transcripts for two discovery dispute hearings, a motion to compel hearing, the hearing on the motion for summary judgment, a case management conference, a charging conference, the pretrial conference, and trial. *See* Dkt. No. 483-3 ("Schedule B"). Plaintiff counters that Defendant has "failed to demonstrate the necessity of any of the hearing transcripts for which it seeks costs," and with respect to trial transcripts, further "fails to offer any justification beyond the 'complexity of the litigation.'" Opp. at 4–5.

The Court is satisfied that the cost of Defendant's daily trial transcript ought to be taxed, given the general practice in this district and the utility of such a transcript on appeal. *See Apple*, 2014 WL 4745933, at *7. The Court also finds, however, that such cost should be reduced by the amount Defendant seeks for expedited, hourly, and real-time transcripts, as such services are not necessary to bring an appeal. *See* Schedule B at 15; *see also TransPerfect*, 2014 WL 1364792, at

5

*4 (denying requests for costs for hourly and real-time transcripts, as well as additional copies, because "any appeal would be weeks or months after the jury's verdict, rendering hourly delivery and real time services unnecessary and inappropriate for an award of costs").

With respect to the remaining costs, the Court finds it appropriate to award $262.65 for the cost of the summary judgment transcript, in keeping with the practice of certain courts in this district, *see Apple*, 2014 WL 4745933, at *7, and because the motion resolved Plaintiff's contract claims, *see* Dkt. No. 222 at 16–17. The Court is not persuaded, however, that Defendant is entitled to costs for transcripts for the other hearings. In its reply brief, Defendant for the first time characterizes this case as "fall[ing] squarely within the category of unusual suits where, in order to protect itself, a party reasonably could incur the expense of obtaining transcripts of all of the court proceedings" because the parties' briefs "relied heavily on representations made by counsel during hearings." *See* Reply at 2 (citing *Affymetrix*, 2005 WL 207113, at *2). In support of that assertion, Defendant cites a single motion in limine where the Court struck a theory posited by Plaintiff and, in so doing, "heavily quoted representations made by counsel on the record at hearings and the pretrial conference." *Id.* (internal citations omitted). Defendant argues that "[o]ther disputes and hearings were similarly contentious," but provides no citations. *See id.*

Accordingly, the Court **ORDERS** Defendant to provide a final accounting, supported by clear documentation, of the taxable cost of the trial transcripts. In accordance with the Court's ruling, the accounting and documentation shall identify the costs of only the taxable transcripts as described above, excluding the non-taxable costs incurred for expedited, hourly, and real-time transcripts. The Court expects to see a figure representing what it would have cost to obtain the daily trial transcript at the regular rate. Defendant must submit *only* this number and the backup support for it; no further argument from either side is permitted on this (or any other) point.

### C. Depositions

Defendant sought $40,315.94 in costs related to deposition transcripts and video, of which the Clerk allowed $39,383.79 and disallowed $932.15 as outside the ambit of the local rule. *See* Dkt. No. 496 at 1. Defendant also sought $2,601.25 in reporter attendance fees, which the Clerk

disallowed in its entirety as outside the ambit of the local rule. *See id.*[2] Defendant seeks its full costs in this category. *See* Mot. at 9–10. Plaintiff argues that Defendant's taxable costs for deposition transcripts and video should be further reduced by $5,367.50, and that its reporter attendance costs were properly disallowed. *See* Opp. at 8.

Civil Local Rule 54-3(c)(1) provides that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." The prevailing party may seek reimbursement for "a combination of any two copies," in any format, so long as it "does not seek to claim costs for more than two copies of the transcript." *Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *6 (N.D. Cal. Aug. 26, 2013). Here, Defendant seeks a copy of "either (a) one original and one certified paper transcript, or (b) one certified paper transcript and one copy of the videotape of the deposition." Mot. at 9. Defendant has provided extensive receipts to detail how it arrived at a total cost of $40,315.94 for two copies of each deposition. *See* Dkt. No. 483-5. Given the plain text of the rule, Plaintiff has not met its burden to demonstrate why these demonstrated costs should not be awarded. Accordingly, the Court **GRANTS** the Defendant's challenge and **ORDERS** the Clerk to charge an additional $932.15 for the costs of the deposition transcripts and recordings.

Civil Local Rule 54-3(c)(5) permits taxation of "[t]he attendance fee of a reporter when a witness fails to appear . . . if the claimant made use of available process to compel the attendance of the witness." With respect to the reporter attendance costs, Defendant argues that the language of the rule indicates that if the reporter's attendance fee is recoverable when a witness fails to appear, it stands to reason that the attendance fee should be recoverable when a witness does appear. *See* Mot. at 9–10. In support of its argument, Defendant cites *Ishida Co., Ltd. v. Taylor*, where the district court found that, given Civil Local Rule 54-3(c)(5)'s providing for recovery of a reporter's attendance fee when a witness fails to appear, "[i]t would be illogical if the same attendance fee were not permitted when the witness does appear." Nos. C-02-1617-JF (PVT), C-

---

[2] The Clerk allowed all $3,790.05 requested by Defendant for deposition exhibits under Civil L.R. 54-3(c)(3), which Plaintiff does not appear to dispute. *See* Dkt. No. 502 Ex. A at 2.

7

02-05416-JF (PVT), 2004 WL 2713067, at *1 (N.D. Cal. Nov. 29, 2004). In response, Plaintiff cites *Frlekin v. Apple Inc.*, where the court referred to such fees as "non-appearance fees." *See* Nos. C 13-03451 WHA, C 13-03775 WHA, C 13-04727 WHA, 2016 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016). The Court is persuaded that Plaintiff's position (and *Frlekin*) are correct. It would make little sense for the rule to require claimants to "[make] use of available process to *compel the attendance* of the witness" in order to recover the reporter attendance fee if the fee were available regardless of whether the witness appeared. Therefore, the Court **DENIES** Defendant's challenge to the $2,601.25 disallowed by the Clerk for reporter attendance fees.

### D. Reproduction and Exemplification

Defendant sought $703,229.56 in costs related to disclosure and formal discovery documents. *See* Dkt. No. 496 at 1. The Clerk allowed $96,162.66, but disallowed $607,066.90 because the claim was (1) outside the ambit of the local rule, and (2) unsupported by the documentation provided by Defendant because the invoices were not itemized. *See id.* Also in this category, Defendant sought $124,616.54 in costs related to visual aids, of which the Clerk allowed $45,273.54 and disallowed $79,343 as outside the ambit of the local rule. *See id.* at 2. Defendant seeks its full costs in this category. *See* Mot. at 10. Plaintiff contends that $684,129.26 of the costs sought by Defendant for disclosure and discovery documents are not taxable.[3] *See* Opp. at 9. Plaintiff also "objects to at least $65,609" of the costs related to Defendant's visual aids. *See id.* at 16.

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable. 28 U.S.C § 1920(4). Under the Local Rules, the "cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civil L.R. 54-3(d)(2). "A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d

---

[3] The Clerk allowed all $822.36 in costs sought from services provided by The Sorbi Group and Warp9. *See* Dkt. No. 496; Mot. at 15. Plaintiff does not appear to object to these awards. *See* Opp. at 8–15.

8

914, 930 (9th Cir. 2015). "[W]hether certain tasks are taxable pursuant to § 1920(4) calls for some common-sense judgments guided by a comparison with the paper-document analogue." *Id.* (internal quotation omitted). "[C]osts compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents." *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. C 12-03762 SI, 2014 WL 1860298, at *4 (N.D. Cal. May 8, 2014) (quoting *Ancora Techs., Inc.*, 2013 WL 4532927, at *10). In general, "e-discovery storage costs" are not compensable. *Id.*

### i. Discovia Costs

Defendant seeks a total of $479,406.20 in costs billed by Discovia, its e-discovery vendor. Mot. at 11. This includes $95,339.30 in production costs, $103,635 in overage costs, and $280,431.90 in electronic database hosting fees. *Id.* at 11–12. Plaintiff objects to $77,063.06 of the production costs (to which it did not previously object) and the entirety of the overage and electronic database hosting fees. Opp. at 9–10.

In regards to the claimed production costs, Plaintiff is correct that many of these costs "are not production related." Opp. at 10. A narrow construction of the statute requires concluding that costs should be awarded based on what Defendant produced, not on what Defendant uploaded to its e-discovery platform. Defendant produced approximately 115,000 pages of the 1.1 million pages (10.45%) and 17.35 of the 303GB (5.73%) it seeks to charge. Opp. at 10. The Court finds it appropriate to charge Plaintiff a pro rata share, based on the amounts actually produced and the invoices provided by Defendant. *See Apple Inc.*, 2014 WL 4745933, at *12 (calculating the approximate percentage of e-discovery costs that were spent on document production to opposing party and awarding costs accordingly); Dkt. No. 460-6. Accordingly, the Court **ORDERS** the Clerk to reduce the amount taxed for Discovia production costs by $77,063.06.

The Clerk was correct to deny the overage costs and electronic database hosting fees. Such e-discovery storage costs or hosting fees are not taxable. *See Kwan Software Eng'g, Inc*, 2014 WL 1860298, at *4; *Golden Bridge Tech., Inc. v. Apple Inc.*, No. 5:12-CV-04882-PSG, 2015 WL 13427805, at *3 (N.D. Cal. Dec. 21, 2015), *aff'd*, 673 F. App'x 1010 (Fed. Cir. 2017). Therefore, the Court **DENIES** Defendant's challenge to the $103,635 in overage costs and $280,431.90 in

9

electronic database hosting fees disallowed by the Clerk.

### ii. OpenAxes Costs

The Clerk denied the $223,000 in fees Defendant sought in relation to the "electronic document processing activities" performed by OpenAxes. *See* Dkt. No. 496; Mot. at 14. Defendant describes the services as being used to "cull through the data and return any data that hit on the parties' agreed upon search terms" as well as to "process the requested discovery." Mot. at 14. Such tasks fit squarely within the categories of "assembling, collecting, or processing" and thus are non-recoverable. *See Kwan Software Eng'g, Inc.*, 2014 WL 1860298, at *4. The Court **DENIES** Defendant's challenge to the Clerk's disallowance of $223,000 in fees from OpenAxes.

### iii. Visual Aids

Defendant seeks $124,616.54 in costs for visual aids, of which the Clerk allowed $45,273.54 and disallowed $79,343.[4] *See* Mot. at 15; Dkt. No. 496 at 2. Plaintiff objects to "at least" $65,609 of these costs. Opp. at 16. Under the Local Rules, the "cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Civil L.R. 54-3(d)(5). "The 'costs of preparing' demonstrative exhibits are limited to the cost of physical preparation of demonstratives, not costs associated with the intellectual effort involved in creating the content of demonstratives." *Fitbug Ltd. v. Fitbit, Inc.*, No. 13-1418 SC, 2015 WL 2251257, at *4 (N.D. Cal. May 13, 2015) (internal quotation and citations omitted).

Defendant has established the total cost of $124,616.54 for visual aids with detailed itemized receipts, *see* Dkt. No. 482-3, though it has made minimal effort to demonstrate why such costs were "reasonably necessary" other than to say that the case presented "complex technical issues," Mot. at 16. That said, Plaintiff's handful of specific objections based on the "reasonably necessary" standard, Opp. at 16, were explained and contextualized by Defendant, *see* Reply at 10–11, and thus Plaintiff has not met its burden to disallow these costs.

In contrast, Plaintiff has shown that the $13,260 of in-court technical assistance, $40,458

---

[4] Neither party has explained in any detail how the Clerk arrived at its calculations for this portion of the costs.

of on-site technical support, and $11,891 of meeting and consultation expenses should not be awarded. Opp. at 16–18. These costs, totaling $65,609, required intellectual effort, rather than simply physical preparation, and are therefore outside the scope of Local Rule 54-3(d)(5). *See Fowler v. California Highway Patrol*, No. 13-CV-01026-TEH, 2014 WL 3965027, at *4 (N.D. Cal. Aug. 13, 2014) ("in-court technical support and equipment rental fees are not properly taxed as costs because they are not, by their own terms, acts of copying or exemplification"); *Vectren Commc'ns Servs. v. City of Alameda*, No. C 08-3137 SI, 2014 WL 3612754, at *6 (N.D. Cal. July 22, 2014) (awarding "only those charges related to the physical preparation of the demonstratives" and not those related to "assisting counsel in the courtroom with presenting the exhibits").

The Court **DENIES** Defendant's challenge and accordingly **ORDERS** the Clerk to increase the amount taxed by $13,734, for a total visual aid tax of $59,007.54.

### E. Witness Fees and Expenses

Defendant sought $7,264.17 in witness fees, of which the Clerk allowed $1,754.15 and disallowed $5,510.02 as an "excessive expense." *See* Dkt. No. 496 at 2. After withdrawing a request for $97.50 in cumulative witness fees, Mot. at 16 n. 12, and $4,883.56 for business-class airfare for deponent Rupert Schultes, Reply at 12, Defendant now seeks a total of $2,283.11 in witness fees and expenses. *See* Dkt. No. 502 at 5. After Defendant's withdrawals, Plaintiff objects to the $626.46 in witness costs the Clerk previously disallowed, which represents two of the three days of hotel expenses for Mr. Schultes. Opp. at 18.

"Fees and disbursements for . . . witnesses" are taxable as costs. 28 U.S.C. § 1920(3). "Per diem, subsistence and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Civil L.R. 54-3(e). "A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." § 1821(d)(1).

Mr. Schultes flew from Germany to San Francisco for a one-day deposition. *See* Mot. at 17; Opp. at 18. While a one-night stay in a hotel is reasonably necessary to conduct a one-day deposition, the necessity of a three-night stay is unexplained and perhaps unexplainable. The

Clerk was correct to disallow the extra two nights of hotel expenses, amounting to $626.46. The Court **DENIES** Defendant's challenge to the clerk's taxation of witness fees and expenses.[5]

## IV. CONCLUSION

Defendant shall file an accounting and documentation of the costs of the trial transcripts, as directed *supra*, within seven days of the date of this Order. The Clerk shall not adjust its taxation of costs until the Court receives and reviews Defendant's filing and issues a Final Order directing the Clerk to tax costs. Again, *no further argument will be entertained on this motion.*

**IT IS SO ORDERED.**

Dated: 9/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] Defendant sought $1,125 in costs for an interpreter under § 1920(6), to which Plaintiff did not object and the Clerk allowed. The Court agrees with the Clerk and the parties that these costs were appropriate.

12